The judgment of the court was pronounced by
Slidell, J.
The plaintiff’s goods, as appears by the bill of lading, were received in good order and condition at the port of shipment; but when delivered at New Orleans were in bad order. The staves of casks were flattened and out of shape; boxes crushed, &c. There is no showing of stress of weather. The whole testimony tends irresistibly to the conclusion that the goods were badly stowed, and that the damage arose from that cause; for which the ship must answer. A portion of the claim, as exhibited by the account annexed to the petition, is for the leakage of casks containing liquors, and deterioration or injury of other articles, in consequence of the bad stowage and want of care. We see no reason to disturb the allowance made on this score by the court below. But there is a portion of the claim which is not supported by such evidence as would justify the assessment of any specific sums, or even enable us to make an approximate estimate. In the account it is claimed very loosely as “loss sustained by the unreasonable detention of the vessel after time advertised to sail, and time named by her agents in making contract for freight, say on $1500, $100.” It appears from the evidence, that the public advertisement and the private assurance to the plaintiffs were of the most positive character as to the time of the vessel’s sailing; but that these assurances were disappointed for the convenience and interest of the ship owners. The vessel did not put to sea until about twenty days after the time promised. There was a good deal of testimony going to show that transient ships (as distinguished from packet ships) are usually wanting in punctuality, and that the public do not rely nor act upon what the agents of such vessels promise. We concur with the district judge, that such evidence of usage should have little favor in courts of justice. We also concur *265 in the opinion that the voyage was unduly procrastinated. Considering the season of the year and the nature of some of the articles, time was important. But the evidence to the point of resulting injury is so loose and vague that we are unable to allow that item of the claim.
It is therefore decreed that the judgment of the district court be reduced from the sum of $336 30 to the sum of $236 30, which sum is to bear interest from the 20th January, 1846, until paid, and that, so amended, the judgment be affirmed; the plaintiff paying the costs of the appeal.